

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ARNOLDO CARDONA FLORES, AKA Roberto Cardona, AKA Roberto Flores, AKA Jorge Adriel Menchaca Ruffiar, | No. 11-73479 |
| | Agency No. A095-017-711 |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Roberto Arnoldo Cardona Flores, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that Cardona Flores failed to establish he suffered past persecution or faces a clear probability of future persecution on account of a protected ground based on the two incidents that occurred to him in 2000. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (en banc) (stating standard that applicant alleging past persecution has the burden of establishing his treatment rises to the level of persecution); *Pagayon v. Holder*, 675 F.3d 1182, 1190-91 (9th Cir. 2011) (per curiam) (record did not compel the conclusion it is more likely than not that petitioner would face persecution where family member remained unharmed). Thus, we deny the petition for review as to Cardona Flores's withholding of removal claim.

Substantial evidence also supports the agency's denial of CAT relief because Cardona Flores failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject

Cardona Flores's contention that the BIA did not consider all the evidence. *See*

*Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not

overcome presumption agency reviewed record).

**PETITION FOR REVIEW DENIED.**